IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-00152-MR-WCM

| | |
|---|---|
| DAVID JOHN HETZEL, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| ANC HEALTHCARE, INC.; ) | |
| ANC MISSION HOSPITAL, INC.; ) | |
| HCA HEALTHCARE, INC.; ) | |
| HCA MANAGEMENT SERVICES, L.P.; ) | |
| MH MASTER HOLDINGS, LLLP; ) | |
| MH HOSPITAL MANAGER, LLC; ) | |
| MH MISSION HOSPITAL, LLLP; ) | |
| and HCA HEALTHCARE ) | |
| MISSION FUND, LLC, ) | |
| ) | |
|     Defendants. ) | |

This matter is before the Court on the following motions to seal:

(1) A Motion to Seal Brief and Exhibit Supporting Motion to Dismiss (the "First Motion to Seal," Doc. 23) filed by MH Mission Hospital, HCA Healthcare, HCA Management, MH Master, MH Hospital Manager, and HCA Healthcare Mission Fund's ("Defendants");

(2) Plaintiff's Motion to Seal Portions of Opposition to Motion to Dismiss filed by Plaintiff David John Hetzel, M.D. (the "Second Motion to Seal," Doc. 29); and

1

(3) Defendants' Motion to Seal Brief and Exhibit Supporting Motion to Dismiss (the "Third Motion to Seal," Doc. 33).

I. Legal Standard

In evaluating a motion to seal, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

Additionally, Local Civil Rule 6.1 states that "there is a presumption under applicable common law and the First Amendment that materials filed in this Court will be filed unsealed." LCvR 6.1(a). To support sealing, a party must set forth, among other things: (1) a non-confidential description of the material sought to be sealed; (2) a statement indicating why sealing is necessary and why there are no alternatives to filing under seal; and (3) supporting statutes, case law, or other authority. LCvR 6.1(c).

II. Discussion

A. The Report

The First, Second, and Third Motions to Seal (collectively, the "Motions to Seal") seek to seal an unredacted copy of the National Practitioner Data Bank (the "Data Bank") report (the "Report") at issue in this case, and

2

unredacted copies of the parties' briefs, which address portions of the Report. See Doc. 25 (Defendants' unredacted opening brief); Doc. 25-1 (the Report); Doc. 31 (Plaintiff's unredacted response); Doc. 35 (Defendants' unredacted reply). The documents sought to be sealed are collectively referred to herein as the "Subject Documents."

The Motions to Seal have been pending since September and October of 2023, and redacted versions of the Subject Documents have appeared on the public docket since that time. See Docs. 24, 24-1, 30, 34. Further, it appears that the parties have complied with the requirements of Local Civil Rule 6.1.

The parties assert that sealing the Subject Documents is warranted because "'[i]nformation reported to the [Data Bank] is … confidential' such that it may only be disclosed through the procedures for querying the [Data Bank] and/or challenging [a Data Bank] report." Doc. 23 at ¶ 3; Doc. 29 at ¶ 3; Doc. 33 at ¶ 3. See 42 U.S.C. § 11137(b)(1) ("Information reported under this subchapter is considered confidential and shall not be disclosed (other than to the physician or practitioner involved) except with respect to professional review activity ... or in accordance with regulations of the Secretary promulgated pursuant to subsection (a) of this section."); 45 C.F.R. § 60.20(a) ("Information reported to the [Data Bank] is considered confidential and shall not be disclosed outside the Department of Health and Human Services….").

Other courts have granted motions to seal Data Bank reports. See

3

United States v. DVH Hosp. All., No. 2:19-cv-01560, 2023 WL 3724178 (D. Nev. May 26, 2023); Doe v. Azar, No. 6:19-cv-2074, 2020 WL 13349088, at *3 (M.D. Fla. June 10, 2020).

However, the Report is the foundation of Plaintiff's claims, and therefore will be central to the adjudicative process. See Kantsevoy v. LumenR, LLC, No. ELH-17-359, 2017 WL 11456498, at *4 (D. Md. Nov. 27, 2017) ("when ruling on a motion to seal, courts consider how relevant or central the disputed documents are to the claims at issue."); United States v. Amodeo, 71 F.3d 1044, 1049 (2d Cir. 1995) (discussing the "strong weight to be accorded the public right of access to judicial documents" based on the "role those documents played in determining litigants' substantive rights…."); see also Alston v. Jones, No. 1:19-CV-96, 2022 WL 1656636, at *2-4 (M.D.N.C. May 24, 2022) (denying plaintiff's request to seal specific medical records that were "at the heart" of plaintiff's medical negligence claim "and to the public's understanding of the basis for the Court's summary judgment decision" while sealing other medical records due to the large amount of private medical information contained in the exhibits that was not relevant to the dispute at hand, while also reminding the parties that plaintiff's "health records will likely be public if they are offered into evidence at trial").

Further, while the relevant statute classifies Data Bank reports as confidential, it does not make such confidentiality absolute. See 42 U.S.C. §

4

11137(b)(1) ("Nothing in this subsection shall prevent the disclosure of such information by a party which is otherwise authorized, under applicable State law, to make such disclosure."). Similarly, the regulations anticipate that Data Bank reports will be used in certain types of litigation. See 45 C.F.R. 60.18(a)(1)(v) (allowing use of Data Bank reports in medical malpractice litigation).

Having considered the Motions to Seal, the public's interest in access to the Report, the centrality of the Report to Plaintiff's claims, and alternatives to sealing, the undersigned is not persuaded that the Report should be sealed in its entirety. See Gabros v. Shore Medical Center, No. 1:16-6135-NLH-JS, 2020 WL 6055151, at *2-3 (D. N.J. Oct. 14, 2020) (denying motion to seal Data Bank report and rejecting argument that the relevant statute required sealing Data Bank reports in every instance of civil litigation because the "generalized public benefit from a confidential reporting system allowing medical employers to share information about the qualifications of licensed medical professionals" was outweighed "when those reports are themselves evidence in a matter pending in federal court or any court," and explaining that plaintiff's "case hinges on allegations that [Data Bank] reports about him were false and he demands a jury trial. Plaintiff would have his allegations litigated in a star chamber with a jury of ordinary citizens presumably barred from discussing the case after their service in a closed courtroom.") (internal citation omitted);

5

Morrison v. Delray Medical Center, Inc., No. 23-CV-80512-BER, 2024 WL 1603489, at *4 (S.D. Fl. April 12, 2024) (following Gabros).

However, because the Report includes information protected pursuant to Rule 5.2 of the Federal Rules of Civil Procedure (Plaintiff's full date of birth) as well as other personal identifying information (Plaintiff's address), Defendants will be directed to file a publicly available copy of the Report that redacts that information.

### B. The Guidebook and Code Lists

The First Motion to Seal and the Third Motion to Seal also ask that the Data Bank Guidebook and Data Bank "Code Lists" remain under seal. See Docs. 25-1 & 35-1. Defendants acknowledge, however, that the Data Bank Guidebook is not confidential. See Doc. 23 at 2, n.2. While Defendants do not address the confidentiality of the Code Lists, that information appears in Defendants' public filing. See Doc. 34-1. Accordingly, both documents will be unsealed.

**IT IS THEREFORE ORDERED** that the Motions to Seal (Docs. 23, 29, 33) are **GRANTED IN PART** and **DENIED IN PART**, as follows:

1. The unredacted copy of the Data Bank Report (Doc. 25-1) is **SEALED** until further order of the Court in light of the presence of Plaintiff's personal identifying information. Defendants **SHALL FILE** a copy of the Report that redacts Plaintiff's personal

6

identifying information, as described above, on or before **August 14, 2024.**

2. The following documents are **UNSEALED**:

    a. The unredacted copy of Defendants' opening brief (Doc. 25)

    b. The Data Bank Guidebook (Doc. 25-2);

    c. The unredacted copy of Plaintiff's response (Doc. 31);

    d. The unredacted copy of the Mission Defendants' reply (Doc. 35); and

    e. The Data Bank Code Lists (Doc. 35-1).

Signed: August 6, 2024

W. Carleton Metcalf
United States Magistrate Judge