IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-00152-WCM

| | |
|---|---|
| DAVID JOHN HETZEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HCA HEALTHCARE, INC.; | ) |
| HCA MANAGEMENT SERVICES, L.P.; | ) |
| MH MASTER HOLDINGS, LLLP; | ) |
| MH HOSPITAL MANAGER, LLC; | ) |
| MH MISSION HOSPITAL, LLLP; | ) |
| and HCA HEALTHCARE | ) |
| MISSION FUND, LLC, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## PRETRIAL ORDER
## AND CASE MANAGEMENT PLAN

In accordance with the Local Rules of the Western District of North Carolina and pursuant to Rule 16 of the Federal Rules of Civil Procedure, the undersigned enters the following Pretrial Order and Case Management Plan in this matter.

### Deadlines at a Glance

| | |
|---|---|
| Rule 26 Disclosures | completed |
| Designation of Mediator | June 18, 2025 |
| Expert Reports – Plaintiff(s) | September 5, 2025 |
| Defendant(s) | October 3, 2025 |
| Discovery | January 20, 2026 |
| Mediation | February 6, 2026 |

| | |
|---|---|
| Motions Deadline | February 20, 2026 |
| Trial | July 20, 2026 term |

I. Discovery

    A. Initial Rule 26 Disclosures: The information required by Federal Rule of Civil Procedure 26(a)(1) has been exchanged.

    B. Discovery Limits: Each **side** may propound no more than **fifty (50)** single part interrogatories; each **side** may submit no more than **fifty (50)** requests for admissions; and each **side** may depose no more than **ten (10)** fact witnesses without prior approval of the Court. However, the parties may, by agreement, increase the limitations set forth in this paragraph, and if they are unable to agree, may then seek Court intervention by motion.

    C. Responses to Written Discovery Requests: Every answer, response, and/or objection to a written discovery request shall be preceded by the complete text of the request. If a party requests an extension of time to respond to discovery requests, the result of consultation with opposing counsel must be stated in the motion.

    D. Maintenance of Discovery Materials: Discovery materials are <u>NOT</u> to be filed, except in accordance with the Local Rules. <u>See</u> LCvR 26.2.

E. Use of Discovery Depositions at Trial: If depositions are taken during the discovery period which counsel intend to use at trial, counsel are directed to exchange page/line designations and resolve any objections thereto prior to the Final Pretrial Conference. In the event that video depositions are taken, counsel are directed to edit the video accordingly so that the video may be shown without interruption. Any objections to designations of deposition testimony (whether such testimony is presented in written form or through a video recording), which cannot be resolved by the parties themselves, must be raised in time to be addressed at the Final Pretrial Conference. Failure to do so will result in the waiver of any such objections.

F. Protective Orders: If a party objects to a discovery request on the basis that the information or materials sought should be produced pursuant to a protective order, the objection shall be accompanied by a draft proposed protective order.

G. Completion of Court-Enforceable Discovery: Except for voluntary discovery and *de bene esse* depositions, all discovery shall be completed no later than **January 20, 2026.** Counsel are directed to initiate discovery requests and schedule depositions sufficiently in

advance of this deadline so as to comply with this Order. This deadline may be extended only by Court Order.

H. Voluntary Discovery: The parties may engage in discovery after the court-enforceable discovery deadline by mutual agreement up to fourteen (14) days prior to the Trial Date.

I. *De Bene Esse* Depositions: Depositions taken for the sole purpose of preserving testimony for trial may be taken following the close of court-enforceable discovery provided that 1) the witness will be unavailable for trial for one of the reasons set forth in Rule 32(a)(4); 2) the reason for the unavailability is that the witness resides outside the subpoena power of this Court and the party seeking to take the deposition has failed, after making a good faith effort, to obtain a commitment from the witness to testify at trial voluntarily; and 3) the deposition can be concluded in time so that any portions of the deposition to be used at trial can be designated and any objections resolved at the Final Pretrial Conference. *De bene esse* deposition testimony should be presented at trial by video recording whenever possible.

J. Expert Witnesses: Each **side** shall be entitled to call up to **five (5)** expert witnesses without further leave of Court. The materials required by Rule 26(a)(2) will be due from Plaintiff(s) no later than

4

**September 5, 2025** and from Defendant(s) no later than **October 3, 2025.** Supplementations under Rule 26(e) shall be ongoing throughout these proceedings.

II.   Motions Practice

    A. Motions Deadline: All motions, except motions in limine and motions to continue, shall be filed no later than **February 20, 2026.** This deadline also pertains to any motion that challenges the qualifications of any expert witness (<u>i.e.</u>, <u>Daubert</u> motions). This deadline may be extended only by Court Order.

    B. Motions Hearings: Hearings on motions will be set, as necessary, in the Court's discretion. The Clerk will notify all parties of the date and time for any hearing.

    C. Briefs:

        1. Supporting Briefs: Every motion shall include, or be accompanied by, a supporting brief that includes citations of authority and the grounds on which the motion is based, provided however that no brief is required for those motions exempted from briefing under Local Civil Rule 7.2, simple consent motions, motions to continue, and motions to withdraw as counsel. Such motions, though, must contain an adequate statement of the basis for the relief

sought. No supporting brief may exceed twenty (20) pages without Court approval. Motions that do not comply with this Order are subject to summary denial.

2. Responses: A response to a motion must be filed within fourteen (14) days of the date on which the motion is filed. The Court generally deems a motion to be ripe for determination upon the timely filing of a reply but may, in its discretion, rule on a motion before the time for either a response or a reply expires, if warranted by the circumstances. If no response is submitted within the time provided, the Court may grant the relief requested, if good cause is shown. No response brief may exceed twenty (20) pages without Court approval.

3. Replies: A reply shall be limited to a discussion of newly raised matters in the response and must be filed no later than seven (7) days after the filing of the response. No reply may exceed five (5) pages in length without Court approval.

4. Formatting: All briefs must be double spaced and in at least fourteen (14) point type.

D. Extensions of Time: Any motion seeking an extension of the time to file a response or reply shall be filed <u>prior to the expiration of</u>

<u>the existing deadline for the underlying motion</u>. The moving party must state within the motion what actions have been undertaken to consult with opposing counsel regarding the requested extension and must notify the Court of the views of opposing counsel regarding the request. Motions that do not comply with these requirements may be summarily denied.

E. Substantive Discovery Motions: Substantive discovery motions, including motions to compel and contested motions for protective orders, must include a statement by the movant that the parties have conferred in good faith in an attempt to resolve the dispute and are unable to do so. Substantive discovery motions must be filed within the court-enforceable discovery period or may be deemed waived. Consistent with the spirit, purpose, and explicit directives of the Federal Rules of Civil Procedure, the Court expects all parties to attempt in good faith to resolve discovery disputes without the necessity of Court intervention. Failure to do so may result in appropriate sanctions.

III. Alternative Dispute Resolution

A. Deadline: Mediation **IS** ordered in this case and shall be completed by **February 6, 2026.**

B. Filings:

1. The parties shall select and agree upon a mediator and shall file a report stating the identity of the mediator selected by **June 18, 2025.** If the parties are unable to agree upon a mediator, they shall file a report stating that they have been unable to agree upon a mediator and the reasons for such inability by **June 18, 2025.**

2. Within seven (7) days of the completion of mediation, a Report shall be filed that states whether all, a portion, or none of the case has settled. The Report shall be filed by the mediator, except that if the mediator does not have an electronic case filing (ECF) account, then it shall be the responsibility of Defendant(s) to file the Report for the mediator.

IV. Trial Procedures

A. Trial Date: Trial is scheduled to commence **WITH** a jury during the **July 20, 2026 term**. A final pretrial conference will be scheduled in advance of this date.

B. Length of Trial: Trial is anticipated to last **five to ten (5-10)** days.

8

C. Filings and Deadlines Prior to Trial:

1. No later than <u>fourteen (14) days before the Final Pretrial Conference</u>, counsel shall:

    a. File any motions *in limine*.

2. No later than <u>seven (7) days before the Final Pretrial Conference</u>, counsel shall:

    a. File any responses to any motions *in limine*.

3. No later than <u>NOON on the last business day before the Final Pretrial Conference,</u> counsel shall:

    a. Discuss the possibility of settlement;

    b. Exchange and discuss exhibits;

    c. File any stipulations of fact. The parties are encouraged to stipulate to as many facts as possible to facilitate the trial of the case;

    d. File the line and page designations of any depositions that counsel intend to introduce at trial. The parties should be prepared to address any objections to such designations at the Final Pretrial Conference;

    e. File trial briefs addressing all questions of law and any anticipated evidentiary issues. Each brief shall not

9

exceed twenty (20) pages and shall be double spaced and in at least fourteen (14) point type;

f. If a jury trial has been requested:

  i. File a proposed verdict sheet as to any issues to be submitted to the jury  If counsel cannot agree upon the wording of the proposed verdict sheet, each party shall file his/her own version;

  ii. File proposed jury instructions. Each proposed instruction must be separately numbered and appear on a separate page. Also, each proposed instruction must contain a supporting citation as a footnote; a proposed instruction without a supporting citation will not be considered. Boilerplate introductory instructions are not required.

g. If the case is a non-jury matter:

  i. File proposed findings of fact and conclusions of law.

4. No later than <u>fourteen (14) days before the Trial Date</u>, counsel shall:

    a. Serve any necessary trial subpoenas. The Court may elect not to enforce subpoenas that have not been issued in compliance with this deadline or, if requested, may quash such non-compliant subpoenas.

5. No later than <u>seven (7) days before the Trial Date</u>, counsel shall file the following documents:

    a. A witness list containing the name of every proposed witness;

    b. A statement of the education, experience, and qualifications of each expert witness, including the particular field in which the party intends to qualify the witness as an expert. The statement should also indicate whether the parties have stipulated to the qualifications of each expert witness;

    c. Stipulations concerning the authenticity and admissibility of as many proposed exhibits as possible; and

    d. An exhibit list.

D. Assessment of Jury Costs: If an action that is scheduled for a jury trial is settled or otherwise disposed of in advance of the actual trial, the Court may assess costs, including but not limited to jurors' costs, including Marshal's fees, mileage reimbursement, and <u>per diem</u> fees, equally against the parties or otherwise may determine appropriate assessments, unless the Clerk's Office is notified of the disposition by 4:00 p.m. on the day before the Trial Date or the parties otherwise establish good cause why the Court should not assess jury costs against them.

V. Miscellaneous Provisions

A. Conflict with Local Rules: To the extent that any provision of the Local Rules conflicts with this Order, this Order shall govern.

B. Modification: This Order is subject to modification only by Order of the Court and may not be modified by agreement of the parties except where indicated.

C. Sanctions For Noncompliance: If any party fails to comply with any of the requirements of this Order, the Court may impose sanctions, as may be warranted.

Signed:
5/28/2025

*[Signature]*

W. Carleton Metcalf
United States Magistrate Judge