

MH# 000087

DCN: 5500000160127925
Process Date: 05/04/2020
Page: 1 of 3
HETZEL, DAVID J.
For authorized use by:
MISSION HOSPITAL

## HETZEL, DAVID J.

### MISSION HOSPITAL

| TITLE IV CLINICAL PRIVILEGES ACTION | Date of Action: 03/03/2020 |
|---|---|
| Initial Action | Basis for Initial Action |
| - SUMMARY OR EMERGENCY SUSPENSION OF CLINICAL PRIVILEGES<br>- SUMMARY OR EMERGENCY LIMITATION, RESTRICTION, OR REDUCTION OF CLINICAL PRIVILEGES | - OTHER, SEE SECTION C. OF THE REPORT FOR DETAILS |

**A. REPORTING ENTITY**

| | |
|---|---|
| Entity Name: | MISSION HOSPITAL |
| Address: | 509 BILTMORE AVE |
| City, State, Zip: | ASHEVILLE, NC 28801-4601 |
| Country: | |
| Name or Office: | BRENDA SHELTON |
| Title or Department: | DIRECTOR, MED STAFF & CREDENTIALING |
| Telephone: | (828) 213-6116 |
| Entity Internal Report Reference: | |
| Type of Report: | INITIAL |

**B. SUBJECT IDENTIFICATION INFORMATION (INDIVIDUAL)**

| | |
|---|---|
| Subject Name: | HETZEL, DAVID J. |
| Other Name(s) Used: | |
| Gender: | MALE |
| Date of Birth: | ■■■■■■ |
| Organization Name: | |
| Work Address: | |
| City, State, ZIP: | |
| Home Address: | ■■■■■■ |
| City, State, ZIP: | ■■■■■■ |
| Deceased: | NO |
| Social Security Numbers (SSN): | ■■■■■■ |
| National Provider Identifiers (NPI): | 1568421717 |
| Professional School(s) & Year(s) of Graduation: | MEDICAL COLLEGE OF WISCONSIN (1988) |
| Occupation/Field of Licensure: | PHYSICIAN (MD) |
| State License Number, State of Licensure: | 97-00282, NC |
| Specialty: | OTHER SPECIALTY - NOT CLASSIFIED |
| Drug Enforcement Administration (DEA) Numbers: | BH2102743 |
| Name(s) of Health Care Entity (Entities) With Which Subject Is Affiliated or Associated (Inclusion Does Not Imply Complicity in the Reported Action.): | |
| Business Address of Affiliate: | |
| City, State, ZIP: | |
| Nature of Relationship(s): | |

CONFIDENTIAL DOCUMENT - FOR AUTHORIZED USE ONLY

MH#-000088

DCN: 5500000160127925
Process Date: 05/04/2020
Page: 2 of 3
HETZEL, DAVID J.
For authorized use by:
MISSION HOSPITAL

## C. INFORMATION REPORTED

Type of Adverse Action: TITLE IV CLINICAL PRIVILEGES
Basis for Action: OTHER - NOT CLASSIFIED, SPECIFY (99)
Other, as Specified: CONCERNS ABOUT PREOPERATIVE PLANNING AND INTRAOPERATIVE CARE

Adverse Action
Classification Code(s): SUMMARY OR EMERGENCY SUSPENSION OF CLINICAL PRIVILEGES (1632)
SUMMARY OR EMERGENCY LIMITATION, RESTRICTION, OR REDUCTION OF CLINICAL PRIVILEGES (1639)

Date Action Was Taken: 03/03/2020
Date Action Became Effective: 03/03/2020
Length of Action: INDEFINITE

Description of Subject's Act(s) or Omission(s) or Other Reasons for Action(s) Taken and Description of Action(s) Taken by Reporting Entity: Dr. Hetzel was the subject of a precautionary suspension beginning on 3/3/20. This precautionary suspension was modified with the most recent modification being on 4/23/20 when the precautionary suspension was removed subject to the practitioner's satisfactory completion of fitness for duty evaluations.

## D. SUBJECT STATEMENT

If the subject identified in Section B of this report has submitted a statement, it appears in this section.

## E. REPORT STATUS

Unless a box below is checked, the subject of this report identified in Section B has not contested this report.

☐ This report has been disputed by the subject identified in Section B.

☐ At the request of the subject identified in Section B, this report is being reviewed by the Secretary of the U.S. Department of Health and Human Services to determine its accuracy and/or whether it complies with reporting requirements. No decision has been reached.

☐ At the request of the subject identified in Section B, this report was reviewed by the Secretary of the U.S. Department of Health and Human Services and a decision was reached. The subject has requested that the Secretary reconsider the original decision.

☐ At the request of the subject identified in Section B, this report was reviewed by the Secretary of the U.S. Department of Health and Human Services. The Secretary's decision is shown below:

Date of Original Submission: 05/04/2020
Date of Most Recent Change: 05/04/2020

**This report is maintained under the provisions of:** Title IV

The information contained in this report is maintained by the National Practitioner Data Bank for restricted use under the provisions of Title IV of Public Law 99-660, as amended, and 45 CFR Part 60. All information is confidential and may be used only for the purpose for which it was disclosed. Disclosure or use of confidential information for other purposes is a violation of federal law. For additional information or clarification, contact the reporting entity identified in Section A.



NATIONAL PRACTITIONER DATA BANK

# NPDB

P.O. Box 10832
Chantilly, VA 20153-0832

https://www.npdb.hrsa.gov

MH # 000089

**DCN:** 5500000160127925
Process Date: 05/04/2020
Page: 3    of    3
HETZEL, DAVID J.
For authorized use by:
MISSION HOSPITAL

**END OF REPORT**

CONFIDENTIAL DOCUMENT - FOR AUTHORIZED USE ONLY


MH# 000090

DCN: 5500000162874767
Process Date: 07/09/2020
Page: 1 of 2
HETZEL, DAVID J.
For authorized use by:
MISSION HOSPITAL

## HETZEL, DAVID J.

### *MISSION HOSPITAL*

| REVISION TO TITLE IV CLINICAL PRIVILEGES ACTION | Date of Action: 06/09/2020 |
|---|---|
| **Subsequent Action** | **Basis for Initial Action** |
| - CLINICAL PRIVILEGES RESTORED OR REINSTATED, COMPLETE | - OTHER, SEE SECTION C. OF THE REPORT FOR DETAILS |

**A. REPORTING ENTITY**

| | |
|---|---|
| Entity Name: | MISSION HOSPITAL |
| Address: | 509 BILTMORE AVE |
| City, State, Zip: | ASHEVILLE, NC 28801-4601 |
| Country: | |
| Name or Office: | BRENDA SHELTON |
| Title or Department: | DIRECTOR, MED STAFF & CREDENTIALING |
| Telephone: | (828) 213-6116 |
| Entity Internal Report Reference: | |
| Type of Report: | REVISION |
| Related Report Number: | 5500000160127925 |

**B. SUBJECT IDENTIFICATION INFORMATION (INDIVIDUAL)**

| | |
|---|---|
| Subject Name: | HETZEL, DAVID J. |
| Other Name(s) Used: | |
| Gender: | MALE |
| Date of Birth: | ▮▮▮▮▮▮▮ |
| Organization Name: | |
| Work Address: | |
| City, State, ZIP: | |
| Home Address: | ▮▮▮▮▮▮▮ |
| City, State, ZIP: | ▮▮▮▮▮▮▮ |
| Deceased: | NO |
| Social Security Numbers (SSN): | ▮▮▮▮▮▮▮ |
| National Provider Identifiers (NPI): | 1568421717 |
| Professional School(s) & Year(s) of Graduation: | MEDICAL COLLEGE OF WISCONSIN (1988) |
| Occupation/Field of Licensure: | PHYSICIAN (MD) |
| State License Number, State of Licensure: | 97-00282, NC |
| Specialty: | OTHER SPECIALTY - NOT CLASSIFIED |
| Drug Enforcement Administration (DEA) Numbers: | BH2102743 |
| Name(s) of Health Care Entity (Entities) With Which Subject Is Affiliated or Associated (Inclusion Does Not Imply Complicity in the Reported Action.): | |
| Business Address of Affiliate: | |
| City, State, ZIP: | |
| Nature of Relationship(s): | |

**C. INFORMATION REPORTED**

| | |
|---|---|
| Type of Adverse Action: | TITLE IV CLINICAL PRIVILEGES |
| Adverse Action Classification Code(s): | CLINICAL PRIVILEGES RESTORED OR REINSTATED, COMPLETE (1680) |
| Date Action Was Taken: | 06/05/2020 |

**CONFIDENTIAL DOCUMENT - FOR AUTHORIZED USE ONLY**



MH# 000091

DCN: 5500000162874767
Process Date: 07/09/2020
Page: 2 of 2
HETZEL, DAVID J.
For authorized use by:
MISSION HOSPITAL

Date Action Became Effective: 06/09/2020

Description of Subject's Act(s) or Omission(s) or Other Reasons for Action(s) Taken and Description of Action(s) Taken by Reporting Entity:

Dr. Hetzel was the subject of a precautionary suspension. The Medical Staff, through the Medical Executive Committee, made the decision that the clinical care that was the subject of the investigation did not warrant a limitation on Dr. Hetzel's clinical privileges and his clinical privileges were fully restored on or about June 9, 2020 along with conditions that did not limit or restrict Dr. Hetzel's clinical privileges.

**D. SUBJECT STATEMENT**

If the subject identified in Section B of this report has submitted a statement, it appears in this section.

**E. REPORT STATUS**

Unless a box below is checked, the subject of this report identified in Section B has not contested this report.

☐ This report has been disputed by the subject identified in Section B.

☐ At the request of the subject identified in Section B, this report is being reviewed by the Secretary of the U.S. Department of Health and Human Services to determine its accuracy and/or whether it complies with reporting requirements. No decision has been reached.

☐ At the request of the subject identified in Section B, this report was reviewed by the Secretary of the U.S. Department of Health and Human Services and a decision was reached. The subject has requested that the Secretary reconsider the original decision.

☐ At the request of the subject identified in Section B, this report was reviewed by the Secretary of the U.S. Department of Health and Human Services. The Secretary's decision is shown below:

Date of Original Submission: 07/09/2020

Date of Most Recent Change: 07/09/2020

**F. SUPPLEMENTAL SUBJECT INFORMATION ON FILE WITH DATA BANK**

The following information was not provided by the reporting entity identified in Section A of this report. The information was submitted to the Data Bank from other sources and is intended to supplement the information contained in this report.

Occupation/Field of Licensure: Physician (MD)

State License Number, State of Licensure: 3610120, WI

**This report is maintained under the provisions of:** Title IV

The information contained in this report is maintained by the National Practitioner Data Bank for restricted use under the provisions of Title IV of Public Law 99-660, as amended, and 45 CFR Part 60. All information is confidential and may be used only for the purpose for which it was disclosed. Disclosure or use of confidential information for other purposes is a violation of federal law. For additional information or clarification, contact the reporting entity identified in Section A.

**━━━━━━━━━ END OF REPORT ━━━━━━━━━**

CONFIDENTIAL DOCUMENT - FOR AUTHORIZED USE ONLY


MH# 000092

DCN: 5500000160127925
Process Date: 05/04/2020
Page: 1 of 3
HETZEL, DAVID J.
For authorized use by:
MISSION HOSPITAL

# HETZEL, DAVID J.

| *MISSION HOSPITAL* |
|:---:|

| TITLE IV CLINICAL PRIVILEGES ACTION | Date of Action: 03/03/2020 |
|---|---|

| Initial Action | Basis for Initial Action |
|---|---|
| - SUMMARY OR EMERGENCY SUSPENSION OF CLINICAL PRIVILEGES<br>- SUMMARY OR EMERGENCY LIMITATION, RESTRICTION, OR REDUCTION OF CLINICAL PRIVILEGES | - OTHER, SEE SECTION C. OF THE REPORT FOR DETAILS |

**A. REPORTING ENTITY**

| | |
|---|---|
| Entity Name: | MISSION HOSPITAL |
| Address: | 509 BILTMORE AVE |
| City, State, Zip: | ASHEVILLE, NC 28801-4601 |
| Country: | |
| Name or Office: | BRENDA SHELTON |
| Title or Department: | DIRECTOR, MED STAFF & CREDENTIALING |
| Telephone: | (828) 213-6116 |
| Entity Internal Report Reference: | |
| Type of Report: | INITIAL |

**B. SUBJECT IDENTIFICATION INFORMATION (INDIVIDUAL)**

| | |
|---|---|
| Subject Name: | HETZEL, DAVID J. |
| Other Name(s) Used: | |
| Gender: | MALE |
| Date of Birth: | ■■■■■■ |
| Organization Name: | |
| Work Address: | |
| City, State, ZIP: | |
| Home Address: | ■■■■■■ |
| City, State, ZIP: | ■■■■■■ |
| Deceased: | NO |
| Social Security Numbers (SSN): | ■■■■ |
| National Provider Identifiers (NPI): | 1568421717 |
| Professional School(s) & Year(s) of Graduation: | MEDICAL COLLEGE OF WISCONSIN (1988) |
| Occupation/Field of Licensure: | PHYSICIAN (MD) |
| State License Number, State of Licensure: | 97-00282, NC |
| Specialty: | OTHER SPECIALTY - NOT CLASSIFIED |
| Drug Enforcement Administration (DEA) Numbers: | BH2102743 |
| Name(s) of Health Care Entity (Entities) With Which Subject Is Affiliated or Associated (Inclusion Does Not Imply Complicity in the Reported Action): | |
| Business Address of Affiliate: | |
| City, State, ZIP: | |
| Nature of Relationship(s): | |

CONFIDENTIAL DOCUMENT - FOR AUTHORIZED USE ONLY

NATIONAL PRACTITIONER DATA BANK

# NPDB

P.O. Box 10832
Chantilly, VA 20153-0832

https://www.npdb.hrsa.gov

MH# 000093

| | |
|---|---|
| DCN: | 5500000160127925 |
| Process Date: | 05/04/2020 |
| Page: | 2 of 3 |
| | HETZEL, DAVID J. |
| For authorized use by: | |
| MISSION HOSPITAL | |

## C. INFORMATION REPORTED

**Type of Adverse Action:** TITLE IV CLINICAL PRIVILEGES

**Basis for Action:** OTHER - NOT CLASSIFIED, SPECIFY (99)

**Other, as Specified:** CONCERNS ABOUT PREOPERATIVE PLANNING AND INTRAOPERATIVE CARE

**Adverse Action Classification Code(s):** SUMMARY OR EMERGENCY SUSPENSION OF CLINICAL PRIVILEGES (1632)
SUMMARY OR EMERGENCY LIMITATION, RESTRICTION, OR REDUCTION OF CLINICAL PRIVILEGES (1639)

**Date Action Was Taken:** 03/03/2020

**Date Action Became Effective:** 03/03/2020

**Length of Action:** INDEFINITE

**Description of Subject's Act(s) or Omission(s) or Other Reasons for Action(s) Taken and Description of Action(s) Taken by Reporting Entity:** Dr. Hetzel was the subject of a precautionary suspension beginning on 3/3/20. This precautionary suspension was modified with the most recent modification being on 4/23/20 when the precautionary suspension was removed subject to the practitioner's satisfactory completion of fitness for duty evaluations.

## D. SUBJECT STATEMENT

If the subject identified in Section B of this report has submitted a statement, it appears in this section.

Date Submitted: 02/02/2021
RE: David John HetzelDOB: 02/28/1961License: Physician (MD), 97-00282, NC, Obstetrics & Gynecology Dispute of Mission Hospital's Initial filing with NPDB (5500000160127925)     David John Hetzel, files this dispute of NPDB information pursuant to 45 CFR 60.21 to resolve whether the report was submitted in accordance with NPDB reporting requirements. On March 3, 2020, Mission Hospital issued a precautionary suspension of Dr. Hetzels' clinical privileges, conducted a prolonged and thorough investigation of the situation, and then reached a final decision on the matter on June 6, 2020 concluding that the clinical care that was the subject of the initial precautionary suspension did not warrant a limitation on Dr. Hetzel's clinical privileges. Mission's filing a report with the NPDB was contrary to the purposes of the NPDB and contrary to its own bylaws and was not done "in accordance with NPDB reporting requirements."     I. Technical NPDB Provisions Conflict with the Purpose of the National Data BankDHHS's first purpose of the NPDB was to prevent incompetent or unprofessional practitioners from moving from one jurisdiction to another without disclosure or discovery of previously damaging or incompetent performance(See https://www.npdb.hrsa. gov/resources/2012annualReport/executiveSummary.jsp) DHHS has also stated that the NPDB serves as an electronic repository to collect and release information related to the professional competence and conduct of physicians and that hospitals are expected to report on those who engage in unprofessional behavior. (See https: //www.npdb.hrsa.gov/resources/2012annualReport/chapter1Purpose.jsp). First, after an extensive and careful investigation, Mission Hospital concluded that the clinical care that was the subject of the initial precautionary suspension did not warrant a limitation on Dr. Hetzel's clinical privileges. Therefore, there is no finding that Dr. Hetzel is either incompetent or unprofessional. Second, Dr. Hetzel has moved to a new jurisdiction, has disclosed the investigation, and has been granted a new license to practice medicine in Texas. Therefore, a NPDB report that carries the history of this particular situation does not comport with DHHS's stated purposes of the NPDB.   II.   Mission Ignored its Own Bylaws and NPDB Guidance when it Filed a NPDB Report In this case, Mission's bylaws and policies as well as NPDB guidance show there was no "action to be reported." A. Precautionary Suspensions Not Reportable This case involves a precautionary suspension.     Mission's Bylaws expressly that a "precautionary suspension is

CONFIDENTIAL DOCUMENT - FOR AUTHORIZED USE ONLY



NATIONAL PRACTITIONER DATA BANK

# NPDB

P.O. Box 10832
Chantilly, VA 20153-0832

https://www.npdb.hrsa.gov

MH# 000094

DCN: 5500000160127925
Process Date: 05/04/2020
Page: 3 of 3
HETZEL, DAVID J.
For authorized use by:
MISSION HOSPITAL

not in and of itself a final professional review action that is reportable, but rather an interim step to protect patients." 8.4, Medical Staff Bylaws of MH Mission Hospital, LLLP; 4.6.1(b), Policy on Appointment, Reappointment, and Clinical Privileges of MH Mission Hospital, LLLP. B. Investigations NPDB's written guidance is that the NPDB considers an investigation to run from the start of an inquiry until a final decision on a clinical privileges action is reached and that Investigations should not be reported. Mission's Bylaws agree that an investigation will end upon final action by the Board. See 8.5(a), Medical Staff Bylaws of MH Mission Hospital, LLLP. Following its investigation - in the final decision of its professional review action - Mission concluded that the clinical care that was the subject of the initial precautionary suspension did not warrant a limitation on Dr. Hetzel's clinical privileges. See Mission Hospital's Revision to Action notice submitted to NPDB on July 9, 2020. (5500000162874767 - Clinical Privileges Restored or Reinstated, Complete. Code 1680). Pursuant to 45 CFR 60.21(b)(3), Dr. Hetzel, through counsel, has had unsuccessful discussions with Mission in an attempt to resolve this dispute.

## E. REPORT STATUS

Unless a box below is checked, the subject of this report identified in Section B has not contested this report.

[ ] This report has been disputed by the subject identified in Section B.

[X] At the request of the subject identified in Section B, this report is being reviewed by the Secretary of the U.S. Department of Health and Human Services to determine its accuracy and/or whether it complies with reporting requirements. No decision has been reached.

[ ] At the request of the subject identified in Section B, this report was reviewed by the Secretary of the U.S. Department of Health and Human Services and a decision was reached. The subject has requested that the Secretary reconsider the original decision.

[ ] At the request of the subject identified in Section B, this report was reviewed by the Secretary of the U.S. Department of Health and Human Services. The Secretary's decision is shown below:

Date of Original Submission: 05/04/2020
Date of Most Recent Change: 05/04/2020

## F. SUPPLEMENTAL SUBJECT INFORMATION ON FILE WITH DATA BANK

The following information was not provided by the reporting entity identified in Section A of this report. The information was submitted to the Data Bank from other sources and is intended to supplement the information contained in this report.

Occupation/Field of Licensure: Physician (MD)
State License Number, State of Licensure: 3610120, WI
Occupation/Field of Licensure: Physician (MD)
State License Number, State of Licensure: S9000, TX

---

**This report is maintained under the provisions of:** Title IV

The information contained in this report is maintained by the National Practitioner Data Bank for restricted use under the provisions of Title IV of Public Law 99-660, as amended, and 45 CFR Part 60. All information is confidential and may be used only for the purpose for which it was disclosed. Disclosure or use of confidential information for other purposes is a violation of federal law. For additional information or clarification, contact the reporting entity identified in Section A.

---

**━━━ END OF REPORT ━━━**



## ROBERTS & STEVENS
### ATTORNEYS AT LAW

City Centre Building • 301 College Street, Suite 400 • Asheville, NC 28801
Post Office Box 7647 • Asheville, NC 28802
T 828. 252. 6600 • F 828. 258. 6955

May 11, 2021

*Writer's Direct Dial no.: 828-210-6873*
*E-mail Address:* pjackson@roberts-stevens.com

Steve Petersen                                              ***Via Email Only***
Fox Rothschild LLP
434 Fayetteville Street, Suite 2800
Raleigh, N.C. 27601
SPetersen@foxrothschild.com

### Re: National Practitioner Databank Dispute Statement by Dr. Hetzel

Dear Steve:

This letter is to inform you that MH Mission Hospital, LLLP has decided to neither correct nor void the Initial Adverse Action Report filed on May 4, 2020 concerning the precautionary suspension of Dr. David Hetzel's clinical privileges because the report was submitted in accordance with NPDB reporting requirements.

Sincerely,

ROBERTS & STEVENS, P.A.

Phillip T. Jackson

PTJ/cb

 **DEPARTMENT OF HEALTH & HUMAN SERVICES**    Health Resources and Services Administration

Rockville, Maryland 20857

Bureau of Health Workforce

July 27, 2021

**PRIVILEGED AND CONFIDENTIAL**
**\*\*Sent by Secure Electronic Messaging\*\***

Brenda Shelton
Director, Medical Staff and Credentialing
Mission Hospital
509 Biltmore Ave.
Asheville, NC 28801-4601

|       |                                |
|-------|--------------------------------|
| **RE:** | **National Practitioner Data Bank** |
|       | **Practitioner:**   **David Hetzel, M.D.** |
|       | **Type of Report:**   **Adverse Action Report** |
|       | **Date of Report:**   **May 4, 2020** |
|       | **DCN:**   **5500000160127925** |

Dear Ms. Shelton:

At the request of David Hetzel, M.D., the Department of Health and Human Services is conducting a review of the above-referenced Adverse Action Report (the Report) submitted to the National Practitioner Data Bank (the NPDB) on May 4, 2020, by Mission Hospital (the Hospital).

According to the Report, Dr. Hetzel was reported for "summary or emergency suspension of clinical privileges (1632)" and "summary or emergency limitation, restriction, or reduction of clinical privileges (1639)." The **Basis for Action** states "other – not classified, specify (99)," which is specified as "concerns about preoperative planning and intraoperative care." The **Description of Subject's Act(s) or Omission(s)** field in Section C of the Report specifically states:

> Dr. Hetzel was the subject of a precautionary suspension beginning on 3/3/20. This precautionary suspension was modified with the most recent modification being on 4/23/20 when the precautionary suspension was removed subject to the practitioner's satisfactory completion of fitness for duty evaluations.

We believe a correction should be made to the **Description of Subject's Act(s) or Omission(s)** field. The Hospital should use a Date of Action of March 25, 2020 instead of March 3, 2020. It's clear that from March 25, 2020, Dr. Hetzel was suspended without interruption through June 5, 2020. The Report narrative should include that 1. March 3, 2020 – a precautionary suspension was taken against Dr. Hetzel; 2. March 10, 2020 – a precautionary suspension was modified, allowing Dr. Hetzel to continue seeing patients. But for all operative cases, he was required to have a concurrent consultation for all of his operative cases. That concurrent

consultation must have been provided by a qualified surgeon employed by Hope Women's Cancer Center and in good standing with the medical staff. He was also required to have another qualified surgeon scrub in with him for his operative cases. That qualified surgeon must have been employed by Hope Women's Cancer Center and in good standing with the medical staff; he could also no longer supervise residents; 3. March 25, 2020 – all clinical privileges were suspended.

Please send any questions you might have to me in writing through the NPDB's electronic portal.

Sincerely,

Donald E. Illich -S

Digitally signed by Donald E. Illich -S
Date: 2021.07.27 10:58:04 -04'00'

Donald Illich
Dispute Resolution Manager
Division of Practitioner Data Bank

cc: Dr. David Hetzel



**MISSION HOSPITAL**

August 27, 2021

Donald Illich
Dispute Resolution Manager
Division of Practitioner Data Bank

RE:   National Practitioner Data Bank
      Practitioner:      David Hetzel, M.D.
      Type of Report:    Adverse Action Report
      Date of Report:    May 4, 2020
      DCN:          5500000160127925

Mr. Illich:

I write this letter in response to your July 27, 2021 letter requesting a Correction Report to revise our May 4, 2020 Adverse Action Report concerning David Hetzel, M.D.  I have some questions that I hope you will be able to address.

Below is our proposed revision:

1. March 3, 2020 – a precautionary suspension was taken against Dr. Hetzel;
2. March 10, 2020 – a precautionary suspension was modified, allowing Dr. Hetzel to continue seeing patients.  But for all operative cases, he was required to have a concurrent consultation for all of his operative cases.  That concurrent consultation must have been provided by a qualified surgeon employed by Hope Women's Cancer Center and in good standing with the medical staff.  He was also required to have another qualified surgeon scrub in with him for his operative cases.  That qualified surgeon must have been employed by Hope Women's Cancer Center and in good standing with the medical staff; he could also no longer supervise residents;
3. March 25, 2020 – all clinical privileges were suspended; and
4. April 23, 2020 – it was determined that Dr. Hetzel's precautionary suspension may be lifted contingent on the findings of a fitness for duty evaluation which will include a Neuropsychologist's and Neurologist's assessment.

Is the Correction Report limited to what we knew when we filed the report on May 4, 2020?  More specifically, do we need to include a description of events that occurred between May 4, 2020, when the report was initially submitted; and July 9, 2020, the date we submitted our Revision-to-Action report?  We believe that we do not need to do so given that the Guidebook advises that "[a] Correction Report negates and replaces the current version of a report," which suggests the Correction Report

should be limited to what we knew when the Initial Report was filed; however, we want to make sure that we provide an accurate Correction Report.

Please advise whether we need to include a description of events that occurred between May 4, 2020 and July 9, 2020.

Sincerely,

Brenda Shelton, CPMSM
Director, Medical Staff and Credentialing



**DEPARTMENT OF HEALTH & HUMAN SERVICES**        Health Resources and Services Administration

Rockville, Maryland 20857

Bureau of Health Workforce

September 8, 2021

## PRIVILEGED AND CONFIDENTIAL

Brenda Shelton
Director, Medical Staff and Credentialing
Mission Hospital
509 Biltmore Ave.
Asheville, NC 28801-4601

|  |  |  |
|---|---|---|
| RE: | **National Practitioner Data Bank** | |
| | **Practitioner:** | **David Hetzel, M.D.** |
| | **Type of Report:** | **Adverse Action Report** |
| | **Date of Report:** | **May 4, 2020** |
| | **DCN:** | **5500000160127925** |

Dear Ms. Shelton:

Thank you for your August 27, 2021, response to our July 27, 2021 letter concerning a correction to the above-referenced National Practitioner Data Bank (NPDB) Report. In answer to your question, you do not need to add a description of events that occurred between May 4, 2020 and July 9, 2020, to this Report; they are not part of the timeline that the Correction Report covers. If you have any questions, contact me at 301-443-2300.

Thank you for your assistance with this matter.

Sincerely,

Donald E. Illich -S

Digitally signed by Donald E.
Illich -S
Date: 2021.09.08 13:00:46
-04'00'

Donald Illich
Dispute Resolution Manager
National Practitioner Data Bank

cc: Dr. David Hetzel

National Practitioner Data Bank
Health Resources and Services Administration
U.S. Department of Health and Human Services
P.O. Box 10832
Chantilly, VA 20153-0832
https://www.npdb.hrsa.gov

MH# 000101

DCN: 5500000181846550
Process Date: 10/27/2021
Page: 1 of 4
HETZEL, DAVID J.
For authorized use by:
MISSION HOSPITAL

# HETZEL, DAVID J.

## MISSION HOSPITAL

### CORRECTION TO TITLE IV CLINICAL PRIVILEGES ACTION

**Date of Action:** 03/25/2020

| Initial Action | Basis for Initial Action |
|---|---|
| - SUMMARY OR EMERGENCY SUSPENSION OF CLINICAL PRIVILEGES<br>- SUMMARY OR EMERGENCY LIMITATION, RESTRICTION, OR REDUCTION OF CLINICAL PRIVILEGES | - OTHER, SEE SECTION C. OF THE REPORT FOR DETAILS |

| **A. REPORTING ENTITY** | |
|---|---|
| Entity Name: | MISSION HOSPITAL |
| Address: | 509 BILTMORE AVE |
| City, State, Zip: | ASHEVILLE, NC 28801-4601 |
| Country: | |
| Name or Office: | BRENDA SHELTON |
| Title or Department: | DIRECTOR, MED STAFF & CREDENTIALING |
| Telephone: | (828) 213-6116 |
| Entity Internal Report Reference: | |
| Type of Report: | CORRECTION |
| Previous Report Number: | 5500000160127925 (Please destroy all copies of the previous report) |

| **B. SUBJECT IDENTIFICATION INFORMATION (INDIVIDUAL)** | |
|---|---|
| Subject Name: | HETZEL, DAVID J. |
| Other Name(s) Used: | |
| Sex: | MALE |
| Date of Birth: | ███████ |
| Organization Name: | |
| Work Address: | |
| City, State, ZIP: | |
| Home Address: | ███████ |
| City, State, ZIP: | ███████ |
| Deceased: | NO |
| Social Security Numbers (SSN): | ███████ |
| National Provider Identifiers (NPI): | 1568421717 |
| Professional School(s) & Year(s) of Graduation: | MEDICAL COLLEGE OF WISCONSIN (1988) |
| Occupation/Field of Licensure: | PHYSICIAN (MD) |
| State License Number, State of Licensure: | 97-00282, NC |
| Specialty: | OTHER SPECIALTY - NOT CLASSIFIED |
| Drug Enforcement Administration (DEA) Numbers: | BH2102743 |
| Name(s) of Health Care Entity (Entities) With Which Subject Is Affiliated or Associated (Inclusion Does Not Imply Complicity in the Reported Action): | |
| Business Address of Affiliate: | |
| City, State, ZIP: | |
| Nature of Relationship(s): | |

**CONFIDENTIAL DOCUMENT - FOR AUTHORIZED USE ONLY**



National Practitioner Data Bank
Health Resources and Services Administration
U.S. Department of Health and Human Services
P.O. Box 10832
Chantilly, VA 20153-0832
https://www.npdb.hrsa.gov

MH# 000102

DCN: 5500000181846550
Process Date: 10/27/2021
Page: 2   of   4
HETZEL, DAVID J.
For authorized use by:
MISSION HOSPITAL

| C. INFORMATION REPORTED | **NOTE: Information marked with an asterisk (\*) was added, corrected, or removed.** |
|---|---|
| Type of Adverse Action: | TITLE IV CLINICAL PRIVILEGES |
| Basis for Action: | OTHER - NOT CLASSIFIED, SPECIFY (99) |
| Other, as Specified: | CONCERNS ABOUT PREOPERATIVE PLANNING AND INTRAOPERATIVE CARE |
| Adverse Action Classification Code(s): | SUMMARY OR EMERGENCY SUSPENSION OF CLINICAL PRIVILEGES (1632) |
| | SUMMARY OR EMERGENCY LIMITATION, RESTRICTION, OR REDUCTION OF CLINICAL PRIVILEGES (1639) |
| \* Date Action Was Taken: | 03/25/2020 |
| \* Date Action Became Effective: | 03/25/2020 |
| Length of Action: | INDEFINITE |
| \* Description of Subject's Act(s) or Omission(s) or Other Reasons for Action(s) Taken and Description of Action(s) Taken by Reporting Entity: | On March 3, 2020, a precautionary suspension was taken against Dr. Hetzel. On March 10, 2020, a precautionary suspension was modified, allowing Dr. Hetzel to continue seeing patients. But for all operative cases, he was required to have a concurrent consultation for all of his operative cases. That concurrent consultation must have been provided by a qualified surgeon employed by Hope Women's Cancer Center and in good standing with the medical staff. He was also required to have another qualified surgeon scrub in with him for his operative cases. That qualified surgeon must have been employed by Hope Women's Cancer Center and in good standing with the medical staff; he could also no longer supervise residents. On March 25, 2020, all clinical privileges were suspended. |

| D. SUBJECT STATEMENT | If the subject identified in Section B of this report has submitted a statement, it appears in this section. |
|---|---|
| | Date Submitted: 11/09/2021 |
| | RE: David John HetzelDOB: 02/28/1961License: Physician (MD), 97-00282, NC, Obstetrics & Gynecology Dispute of Mission Hospital's Initial filing with NPDB (5500000160127925) David John Hetzel, files this dispute of NPDB information pursuant to 45 CFR 60.21 to resolve whether the report was submitted in accordance with NPDB reporting requirements. On March 3, 2020, Mission Hospital issued a precautionary suspension of Dr. Hetzels' clinical privileges, conducted a prolonged and thorough investigation of the situation, and then reached a final decision on the matter on June 6, 2020 concluding that the clinical care that was the subject of the initial precautionary suspension did not warrant a limitation on Dr. Hetzel's clinical privileges. Mission's filing a report with the NPDB was contrary to the purposes of the NPDB and contrary to its own bylaws and was not done "in accordance with NPDB reporting requirements." I. Technical NPDB Provisions Conflict with the Purpose of the National Data BankDHHS's first purpose of the NPDB was to prevent incompetent or unprofessional practitioners from moving from one jurisdiction to another without disclosure or discovery of previously damaging or incompetent performance(See https://www.npdb.hrsa.gov/resources/2012annualReport/executiveSummary.jsp) DHHS has also stated that the NPDB serves as an electronic repository to collect and release information related to the professional competence and conduct of physicians and that hospitals are expected to report on those who engage in unprofessional behavior. (See https://www.npdb.hrsa. |

CONFIDENTIAL DOCUMENT - FOR AUTHORIZED USE ONLY

National Practitioner Data Bank
Health Resources and Services Administration
U.S. Department of Health and Human Services
P.O. Box 10832
Chantilly, VA 20153-0832
https://www.npdb.hrsa.gov

MH# 000103

DCN: 5500000181846550
Process Date: 10/27/2021
Page: 3 of 4
HETZEL, DAVID J.
For authorized use by:
MISSION HOSPITAL

gov/resources/2012annualReport/chapter1Purpose.jsp). First, after an extensive and careful investigation, Mission Hospital concluded that the clinical care that was the subject of the initial precautionary suspension did not warrant a limitation on Dr. Hetzel's clinical privileges. Therefore, there is no finding that Dr. Hetzel is either incompetent or unprofessional. Second, Dr. Hetzel has moved to a new jurisdiction, has disclosed the investigation, and has been granted a new license to practice medicine in Texas. Therefore, a NPDB report that carries the history of this particular situation does not comport with DHHS's stated purposes of the NPDB. II. Mission Ignored its Own Bylaws and NPDB Guidance when it Filed a NPDB Report In this case, Mission's bylaws and policies as well as NPDB guidance show there was no "action to be reported." A. Precautionary Suspensions Not Reportable This case involves a precautionary suspension. Mission's Bylaws expressly that a "precautionary suspension is not in and of itself a final professional review action that is reportable, but rather an interim step to protect patients." 8.4, Medical Staff Bylaws of MH Mission Hospital, LLLP; 4.6.1(b), Policy on Appointment, Reappointment, and Clinical Privileges of MH Mission Hospital, LLLP. B. Investigations NPDB's written guidance is that the NPDB considers an investigation to run from the start of an inquiry until a final decision on a clinical privileges action is reached and that Investigations should not be reported. Mission's Bylaws agree that an investigation will end upon final action by the Board. See 8.5(a), Medical Staff Bylaws of MH Mission Hospital, LLLP. Following its investigation - in the final decision of its professional review action - Mission concluded that the clinical care that was the subject of the initial precautionary suspension did not warrant a limitation on Dr. Hetzel's clinical privileges. See Mission Hospital's Revision to Action notice submitted to NPDB on July 9, 2020. (5500000162874767 - Clinical Privileges Restored or Reinstated, Complete. Code 1680). Pursuant to 45 CFR 60.21(b)(3), Dr. Hetzel, through counsel, has had unsuccessful discussions with Mission in an attempt to resolve this dispute.

| E. REPORT STATUS | Unless a box below is checked, the subject of this report identified in Section B has not contested this report. |
| --- | --- |

☐ This report has been disputed by the subject identified in Section B.

☐ At the request of the subject identified in Section B, this report is being reviewed by the Secretary of the U.S. Department of Health and Human Services to determine its accuracy and/or whether it complies with reporting requirements. No decision has been reached.

☐ At the request of the subject identified in Section B, this report was reviewed by the Secretary of the U.S. Department of Health and Human Services and a decision was reached. The subject has requested that the Secretary reconsider the original decision.

☒ At the request of the subject identified in Section B, this report was reviewed by the Secretary of the U.S. Department of Health and Human Services. The Secretary's decision is shown below:

Date Submitted: 12/23/2021

The practitioner requested Dispute Resolution of this report. The Secretary can only review (1) whether the action is reportable under applicable statutes and regulations and (2) whether the report accurately describes the reporter's action and reasons for action as stated in the reporter's decision documents. The Secretary cannot conduct an independent review of the merits of the action taken by the reporting entity, review the "due process" provided by the entity, or substitute his judgment for that of the entity. After review of the available information, the Secretary determined that some of the issues raised by the practitioner are beyond the scope of the Secretary's review authority. After review of the remaining issues, the

CONFIDENTIAL DOCUMENT - FOR AUTHORIZED USE ONLY

National Practitioner Data Bank
Health Resources and Services Administration
U.S. Department of Health and Human Services
P.O. Box 10832
Chantilly, VA 20153-0832
https://www.npdb.hrsa.gov

MH# 000104

DCN: 5500000181846550
Process Date: 10/27/2021
Page: 4    of    4
HETZEL, DAVID J.
For authorized use by:
MISSION HOSPITAL

Secretary determined that there is no basis to conclude that the report should not have been filed or that for agency purposes it is not accurate, complete, timely or relevant. Accordingly, the report shall be maintained as submitted by the reporting entity.

Date of Original Submission:        05/04/2020

Date of Most Recent Change:        10/27/2021

| F. SUPPLEMENTAL SUBJECT INFORMATION ON FILE WITH DATA BANK | |
|---|---|

The following information was not provided by the reporting entity identified in Section A of this report. The information was submitted to the Data Bank from other sources and is intended to supplement the information contained in this report.

| | |
|---|---|
| Occupation/Field of Licensure: | Physician (MD) |
| State License Number, State of Licensure: | 3610120, WI |
| Occupation/Field of Licensure: | Physician (MD) |
| State License Number, State of Licensure: | S9000, TX |
| Occupation/Field of Licensure: | Physician (MD) |
| State License Number, State of Licensure: | ME164226, FL |

**This report is maintained under the provisions of:** Title IV

The information contained in this report is maintained by the National Practitioner Data Bank for restricted use under the provisions of Title IV of Public Law 99-660, as amended, and 45 CFR Part 60. All information is confidential and may be used only for the purpose for which it was disclosed. Disclosure or use of confidential information for other purposes is a violation of federal law. For additional information or clarification, contact the reporting entity identified in Section A.

**━━━━━━━━ END OF REPORT ━━━━━━━━**

CONFIDENTIAL DOCUMENT - FOR AUTHORIZED USE ONLY

**DEPARTMENT OF HEALTH & HUMAN SERVICES**

Health Resources and Services
Administration

Rockville, MD 20857
Bureau of Health Workforce

December 22, 2021

## PRIVILEGED AND CONFIDENTIAL
***Sent via Secure Electronic Message***

David Hetzel, M.D.
390 Windsor Rd.
Asheville, NC 28804

RE:    **National Practitioner Data Bank**
       **DISPUTE RESOLUTION DECISION**

| | |
|---|---|
| **Practitioner:** | **David Hetzel, M.D.** |
| **Type of Report:** | **Adverse Action Report** |
| **Date of Report:** | **October 27, 2021** |
| **DCN:** | **5500000181846550** |

**Correction of Initial Report:**

| | |
|---|---|
| **Practitioner:** | **David Hetzel, M.D.** |
| **Type of Report:** | **Adverse Action Report** |
| **Date of Report:** | **May 4, 2020** |
| **DCN:** | **5500000160127925** |

Dear Dr. Hetzel:

This letter is regarding your request that the United States Secretary of Health and Human
Services conduct a review of the above-referenced Corrected Adverse Action Report (Report)
submitted to the National Practitioner Data Bank (NPDB) on October 27, 2021, by Mission
Hospital (Hospital). An initial Adverse Action Report was submitted to the NPDB on May 4,
2020, by the Hospital, which was replaced by the Corrected Report.

After review of the information available and the record presented to this office, the Dispute
Resolution Decision is as follows:

> There is no basis on which to conclude that the Report should not have
> been filed in the NPDB or that it is not accurate, complete, timely or
> relevant. Your request that the Report be voided from the NPDB is hereby
> denied. The Report will remain in the NPDB.

According to the Report, you were reported for "summary or emergency suspension of clinical
privileges (1632)" and "summary or emergency limitation, restriction, or reduction of clinical

privileges (1639)." The **Basis for Action** states "other – not classified, specify (99)," which is specified as "concerns about preoperative planning and intraoperative care." The **Description of Subject's Act(s) or Omission(s)** field in Section C of the Report specifically states:

> On March 3, 2020, a precautionary suspension was taken against Dr. Hetzel. On March 10, 2020, a precautionary suspension was modified, allowing Dr. Hetzel to continue seeing patients. But for all operative cases, he was required to have a concurrent consultation for all of his operative cases. That concurrent consultation must have been provided by a qualified surgeon employed by Hope Women's Cancer Center and in good standing with the medical staff. He was also required to have another qualified surgeon scrub in with him for his operative cases. That qualified surgeon must have been employed by Hope Women's Cancer Center and in good standing with the medical staff; he could also no longer supervise residents. On March 25, 2020, all clinical privileges were suspended.

You dispute the Report claiming:

1. Your precautionary suspension was taken prior to the Hospital reaching its final decision, so the Hospital incorrectly reported you to the NPDB on May 4, 2020, not following NPDB reporting guidelines.

2. The initial precautionary suspension was not reportable according to the Hospital's bylaws.

3. The Medical Executive Committee (MEC) concluded on June 9, 2020, that the clinical care that was the subject of the interim precautionary suspension did not warrant a limitation on Dr. Hetzel's clinical privileges. Therefore, there is no finding you are incompetent or unprofessional.

4. Your report was required to be submitted to the NPDB within 30 days following the action, and it wasn't.

5. You moved to a new jurisdiction, disclosed the investigation, and were granted a new license to practice medicine in Texas. Therefore, a NPDB report that carries the history of this particular situation does not comport with the Department of Health and Human Services' (DHHS) stated purposes of the NPDB.

6. The Hospital's bylaws expressly note that an investigation will end upon final action by the Board; therefore, this is a report of an investigation that should not be reported. The Hospital ignored its own bylaws and in this case, the bylaws indicates there is no action to be reported.

7. A precautionary suspension is a non-reportable interim step, only the final result of the professional review action would be reportable – if that final decision was adverse to the physician.

8. Mission/HCA interpreted its reporting obligations too conservatively in this matter. Given HCA's history of compliance issues, it is understandable that the system would now take the most conservative approach to the NPDB.

9. The Hospital has been overly cautious in failing to remove their error in the NPDB - at your expense. This report confuses and looks negative to other hospitals.

Please note that the scope of the NPDB's review is limited. We can only review (1) whether the action is reportable under applicable statutes and regulations and (2) whether the report accurately describes the reporter's action and reasons for action as stated in the written record. The Secretary cannot conduct an independent review of the merits of the action taken by the reporting entity or substitute his judgment for that of the reporting entity.

We wrote to the Hospital on June 17, 2021, requesting information and documentation concerning the Report.  The Hospital responded accordingly on July 16, 2021.  We wrote to them again on July 27, 2021 and in response they corrected the report on October 27, 2021. This response and correction were made available to you.

The Hospital responded on July 16, 2021 with the following documents to our request for information:

- Minutes of Credentials Committee Meetings, 3/10/20, 4/23/20, and 5/11/20

- Letters to Dr. Hetzel regarding precautionary suspension, 3/3/20; Letters to Dr. Hetzel regarding Credentials Committee Meetings, 3/12/20  and 3/25/20;  and a Letter to Dr. Hetzel regarding MEC Meeting, 6/9/20

- Letter from Dr. Hetzel's attorney requesting Hearing, 4/3/20

- MEC Meeting Minutes, 6/5/20

- Email exchange with attorney for Dr. Hetzel re:  Mission planed Revision-to-Action Report, 7/7/20

In accordance with 45 CFR §60.12(a)(1)(i), a health care entity must report to the NPDB "[a]ny professional review action that adversely affects the clinical privileges of a physician or dentist for a period longer than 30 days."

According to statutory reporting requirements, as explained in the NPDB Guidebook, "a summary suspension must be reported if it is: in effect or imposed for more than 30 days, based

on the professional competence or professional conduct of the physician, dentist, or other health care practitioner that adversely affects, or could adversely affect, the health or welfare of a patient, and the result of a professional review action taken by a hospital or other health care entity.[1]"  Additionally, "an action must be reported to the NPDB based on whether it satisfies NPDB reporting requirements and not based on the name affixed to the action. A suspension or restriction, whether called immediate, summary, emergency, or ***precautionary***, typically means that a serious question has been raised and must be addressed quickly. Therefore, if a hospital or other health care entity suspects but has not confirmed a risk to an individual or individuals and imposes a suspension or restriction as immediate or precautionary, and the suspension remains in effect for more than 30 days, it must be reported to the NPDB.[2]"

The record shows your precautionary suspension was taken on March 25, 2020 and lasted into June 9, 2020; when the privileges were restored, according to your Revision to Action Report. Your suspension is therefore reportable to the NPDB. It is also based on your professional competence or professional conduct that adversely affects, or could adversely affect, the health or welfare of a patient, and the result of a professional review action taken by the Hospital.

The Hospital's documents state that on March 19 and 20, 2020, the ad hoc credentials committee met, the conclusion of which was to reinstate your precautionary suspension due to concerns over the committee's finding of 1) a code of conduct violation and, 2) concerns raised over his practice pattern and questions about physical and mental fitness to perform duties as a surgical oncologist.  Following initial review by the ad hoc committee, the Credentials Committee met again on March 23, 2020 and re-imposed a full precautionary suspension of your clinical privileges.  By letter dated March 25, 2020, the Committee next notified you that on March 24, 2020, it had modified the precautionary suspension and that effective immediately all of your privileges were suspended. Based on the record and per the regulations, the Hospital was legally required to submit the Report. Furthermore, we find that the Report reflects the information in the record; as such, the Report is accurate as submitted.

In your first dispute point, you claim that because the precautionary suspension was taken prior to the Hospital reaching its final decision, the Hospital incorrectly reported you to the NPDB on May 4, 2020.  Precautionary suspensions are reportable if they last more than 30 days; they do not have to be the result of a final decision.  Your precautionary suspension lasted from March 25, 2020, to June 9, 2020; therefore, it lasted more than 30 days and is reportable to the NPDB.

In your second dispute point, you claim the initial precautionary suspension was not reportable according to the Hospital's bylaws.  This dispute point is beyond the scope of review.  The Guidebook states, "The DPDB does not examine how a reporting entity uses its bylaws, how practitioners are disciplined, or how they are afforded due process; all such concerns must be resolved between the subject of the report and the reporting entity.[3]"

---

[1] 2018 NPDB Guidebook, E-38
[2] 2018 NPDB Guidebook, E-39
[3] 2018 NPDB Guidebook, F-5

In your third dispute point, you claim that the MEC concluded on June 9, 2020, that the clinical care that was the subject of the interim precautionary suspension did not warrant a limitation on your clinical privileges. Therefore, there is no finding you are incompetent or unprofessional. A summary suspension was imposed on you and it lasted for more than 30 days; therefore, it is reportable. The MEC's lifting of the summary suspension, and its reasoning for doing so, does not mean that the precautionary suspension that occurred should be unreportable.

In your fourth dispute, you claim your report was required to be submitted to the NPDB within 30 days following the action, and it wasn't. The NPDB Guidebook states, "Late reporting does not constitute grounds for disputing a report. Although eligible entities must report medical malpractice payments and other reportable actions to the NPDB within 30 calendar days of the date the payment was made or the action was taken, an entity's failure to submit a report in a timely manner does not preclude the NPDB from collecting a report beyond the 30-day time frame.[4]" Therefore, the suspension, as long as it is reportable, is required to be submitted to the NPDB regardless if it meets the 30 days reporting requirement.

In your fifth dispute, you moved to a new jurisdiction, disclosed the investigation, and were granted a new license to practice medicine in Texas. Therefore, you claim a NPDB report that carries the history of this particular situation does not comport with DHHS's stated purposes of the NPDB. This dispute point is beyond the scope of review. Only the regulations and guidance on reporting determine whether an action is reportable. If an action follows these requirements, it automatically comports with the NPDB mission.

In your sixth dispute, you claim the Hospital's bylaws expressly note that an investigation will end upon final action by the Board; therefore, this is a report of an investigation that should not be reported. The precautionary suspension did not need to be a final action to be reportable, as long as it lasted thirty days and met the requirements. The ending of the investigation does not affect the reportability of this action, because it does not impact the precautionary suspension's reporting requirements, which were met in this case. Additionally, an investigation itself is not reportable to the NPDB, only an adverse action.

In your seventh dispute, you claim since a precautionary suspension is a non-reportable interim step, only the final result of the professional review action would be reportable – if that final decision was adverse to the physician. A precautionary suspension, also known as a summary suspension, is reported before a final result of a professional action. It is reported because "a serious question has been raised and must be addressed quickly.[5]" Regardless of the final decision, a precautionary suspension must be reported anytime it meets the NPDB requirement to report when the summary suspension is longer than 30 days.

In your eighth dispute, you claim in this case, Mission/HCA interpreted its reporting obligations too conservatively in this matter. Given HCA's history of compliance issues, it is understandable that the system would now take the most conservative approach to the NPDB. This dispute point

---

[4] 2018 NPDB Guidebook, F-6
[5] 2018 NPDB Guidebook, E-39

is beyond our scope of review. Only the reportability of the action can be reviewed by the NPDB, not the motives of the reporting entity.

In your ninth dispute, you claim the Hospital has been overly cautious in failing to remove their error in the NPDB - at your expense. You claim this report confuses and looks negative to other hospitals. This dispute point is beyond our scope of review. Only the reportability of the action can be reviewed by the NPDB, not how a report may appear to other hospitals.

The Secretary is denying your dispute; the Report will remain in the NPDB. The Secretary will order the Report removed from "Elevated for Decision by the Secretary" status and placed in "Reviewed by the Secretary" status. The Secretary will also insert the following statement into the Report:

> The practitioner requested Dispute Resolution of this report. The Secretary can only review (1) whether the action is reportable under applicable statutes and regulations and (2) whether the report accurately describes the reporter's action and reasons for action as stated in the reporter's decision documents. The Secretary cannot conduct an independent review of the merits of the action taken by the reporting entity, review the "due process" provided by the entity, or substitute his judgment for that of the entity. After review of the available information, the Secretary determined that some of the issues raised by the practitioner are beyond the scope of the Secretary's review authority. After review of the remaining issues, the Secretary determined that there is no basis to conclude that the report should not have been filed or that for agency purposes it is not accurate, complete, timely or relevant. Accordingly, the report shall be maintained as submitted by the reporting entity.

You may submit a brief statement for inclusion in the Report. Since you already have a statement in the Report, any new statement you submit will replace it. Your statement must not exceed 4,000 total characters, including punctuation and spaces. Please do not include in the statement names, addresses, or telephone numbers other than yours or your attorney's. If you include such information, it will be removed from your statement before it is entered into the NPDB.

For information on how to submit a new statement, please visit the NPDB website at www.npdb.hrsa.gov or call the NPDB Customer Service Center at 1-800-767-6732. The Customer Service Center is open Monday through Friday from 8:30 a.m. to 6:00 p.m. (5:30 p.m. Fridays) Eastern Time. The Customer Service Center is closed on all Federal holidays.

Should you wish to submit a request for reconsideration of this decision, please do so in writing. You should be specific about any new information that was unavailable to you at the time the Report was under review and which issue(s) you feel was inappropriately considered during the review. You may submit your reconsideration request electronically through the NPDB secure portal or to the following address:

National Practitioner Data Bank
ATTN:  Dispute Resolution
4094 Majestic Lane, PMB-332
Fairfax, VA 22033

The NPDB will send a copy of the Report with the Secretary's decision and statement along with your statement (if applicable) to you, the reporting entity, and any entity which has queried and received a copy of the Report within the past three years as well as future entities which query you.

The NPDB will also send the reporting entity a copy of this letter.

Sincerely,

Digitally signed by
Carolyn N. Nganga-good
-S
Date: 2021.12.22
15:36:17 -05'00'

Carolyn Nganga-Good, DrPH, RN
Chief, Policy and Disputes Branch
Division of Practitioner Data Bank


cc:  Mission Hospital