David John Hetzel, MD,

Plaintiff,

vs.

MH Mission Hospital, LLLP,

Defendant.

**Declaration of Brenda Shelton**

I, Brenda Shelton, state the following under penalty of perjury.

¶1        I am competent to testify. I have personal knowledge of the truth of the matters asserted in this declaration, except for those asserted on information and belief, and I believe those to be true.

¶2        I am the Director of Medical Staff and Credentialing for Medical Staff Services for Mission Hospital.

¶3        I submitted the following reports concerning Dr. Hetzel's precautionary suspension to the National Practitioner Data Bank:

- The May 4, 2020 report ("Report 1"), which describes a precautionary suspension being imposed on March 3, 2020 and subsequently modified.

- The July 9, 2020 revision-to-action report ("Report 2"), which describes the precautionary suspension being lifted on or about June 9, 2020.

- The October 27, 2021 correction report ("Report 3"), which amends Report 1.

## REPORT 1

¶4        Dr. Hetzel's precautionary suspension began March 3, 2020, and continued from that date until June 9, 2020. The precautionary suspension

was modified during that period, but his privileges were always limited in some way during that period.

¶5     When Dr. Hetzel's clinical privileges had been limited for more than 30 days (i.e. April 3, 2020), the precautionary suspension became reportable. This triggered a duty on Mission Hospital to report within a further 30 days (i.e. May 3, 2020). That fell on a weekend, so I submitted the report on May 4, 2020.

¶6     In determining that all of the information contained in Report 1 was correct, I consulted the "conclusion/action" portions of committee minutes as well as the letters sent to Dr. Hetzel to inform him of changes to his clinical privileges. When I submitted Report 1, I believed, and I still do believe, that all of the information in it was accurate.

¶7     I am informed and believe that Dr. Hetzel does not dispute that the words of the report were accurate, and that his only dispute is with whether his precautionary suspension was reportable at all.

¶8     In determining that the precautionary suspension was reportable, I relied on the records referenced above, which showed that Dr. Hetzel's precautionary suspension had lasted more than 30 days, and on the NPDB Guidebook.

¶9     The NPDB Guidebook is published by the Department of Health and Human Services and is a resource for resolving questions about whether and how to report events to the Data Bank. On page E-39, the Guidebook states:

An action must be reported to the NPDB based on whether

it satisfies NPDB reporting requirements and not based on the name affixed to the action. A suspension or restriction, whether called immediate, summary, emergency, or precautionary, typically means that a serious question has been raised and must be addressed quickly. Therefore, if a hospital or other health care entity suspects but has not confirmed a risk to an individual or individuals and imposes a suspension or restriction as immediate or precautionary, and the suspension remains in effect for more than 30 days, it must be reported to the NPDB.

¶10    I am informed and believe that Dr. Hetzel contends that his precautionary suspension was not reportable because Mission Hospital's governing documents state that a precautionary suspension "is not in and of itself a final professional review action that is reportable, but rather an interim step to protect patients."

¶11    The language in question appears in section 4.6 of the Policy on Appointment, Reappointment, and Clinical Privileges, and in section 8.4 of the Bylaws. This language does not mean that a precautionary suspension is not a professional review action or that a precautionary suspension is never reportable. It only distinguishes a precautionary suspension from a *final* professional review action. That distinction is important under page E-32 of the NPDB Guidebook:

Clinical privileges actions are reportable once they are made final by the health care entity. However, summary suspensions lasting more than 30 days are reportable even if they are not final.

¶12    I interpreted, and still do interpret, this portion of the Guidebook as

saying that a precautionary suspension is not "in and of itself" reportable, but it becomes reportable when it meets the reporting criteria identified in the NPDB Guidebook.

### Reports 2 and 3

¶13      I am informed and believe that this lawsuit is not directly about Report 2 or Report 3.

¶14      With respect to Report 3, I submitted that report on behalf of Mission Hospital at the direct instruction of Donald Illich, who works at the Department of Health and Human Services. Mr. Illich directed us to report that the date of action was 3/25/20 and to include the following information in the report's narrative:

> The Report narrative should include that 1. March 3, 2020 – a precautionary suspension was taken against Dr. Hetzel; 2. March 10, 2020 – a precautionary suspension was modified, allowing Dr. Hetzel to continue seeing patients. But for all operative cases, he was required to have a concurrent consultation for all of his operative cases. That concurrent consultation must have been provided by a qualified surgeon employed by Hope Women's Cancer Center and in good standing with the medical staff. He was also required to have another qualified surgeon scrub in with him for his operative cases. That qualified surgeon must have been employed by Hope Women's Cancer Center and in good standing with the medical staff; he could also no longer supervise residents; 3. March 25, 2020 – all clinical privileges were suspended.

¶15      I included in Report 3 the information dictated by Mr. Illich.

Submitted October 20, 2025.

/s/Brenda Shelton
Brenda Shelton