**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**Case No. 1:23-cv-152-WCM**

| | |
|---|---|
| DAVID JOHN HETZEL, M.D., ) | |
| ) | |
| Plaintiff, ) | **MEMORANDUM IN SUPPORT OF** |
| ) | **MOTION TO RECONSIDER** |
| v. ) | **PLAINTIFF'S MOTION TO COMPEL** |
| ) | |
| MH MISSION HOSPITAL, LLLP, ) | |
| ) | |
| Defendant. ) | |

Dr. Hetzel[1] seeks reconsideration of his Motion to Compel[2] on narrow and novel grounds – that the plain language of N.C. Gen. Stat. § 131E-95 does not apply to this action because it does not arise from a matter evaluated by the peer review committee. Dr. Hetzel's briefing on his Motion to Compel primarily argued that federal common law – and not state law – applies to this diversity action that implicates federal law. Although he referenced the terms of the relevant state privilege law, N.C. Gen. Stat. § 131E-95, as inapplicable to protect the documents withheld by Defendant Mission Hospital,[3] that issue was not central to the briefs before the Court.

During oral argument,[4] Dr. Hetzel's counsel more emphatically argued that the plain

---

[1] Plaintiff David John Hetzel, MD, is herein referred to as Dr. Hetzel.
[2] Plaintiff's Motion to Compel and for Extension of Time to Complete Discovery (Dkt. 54) is herein referred to as "Motion to Compel," as that is the only portion of that Motion for which he seeks reconsideration.
[3] Defendant MH Mission Hospital, LLLP is herein referred to as "Mission Hospital."
[4] The Motion to Compel was heard, along with several other pending motions, in person on March 18, 2026.

language of N.C. Gen. Stat. § 131E-95 does not apply to this case – which resulted ***from*** the peer review process but was not the subject of evaluation ***by*** the peer review process. Counsel for Defendant Mission Hospital described this argument as "novel." Though Dr. Hetzel understands the high bar associated with the instant Motion to Reconsider,[5] that bar is met here. The Court lacked the benefit of briefing on the narrow question presented by this Motion: does the language of N.C. Gen. Stat. § 131E-95 apply to a lawsuit that arises from the actions of a peer review committee, rather than an action evaluated by the peer review committee? As explained *infra*, it does not.

## PROCEDURAL AND FACTUAL BACKGROUND

Dr. Hetzel's pending claims against Defendant Mission Hospital are for libel, libel *per se* and tortious interference with prospective economic advantage. (Rev. Mem. and Rec., Dkt. 38, 27; Order, Dtk. 43, 3.) Dr. Hetzel's libel and libel *per se* claims allege that Defendant Mission Hospital published false and defamatory statements and information about him to the NPDB[6] and all entities with authorization to query the NPDB,[7] which (Am. Compl., Dkt. 4, Counts I, II). Dr. Hetzel's tortious interference with prospective economic advantage claim alleges that Defendant Mission Hospital intentionally interfered with Dr. Hetzel's potential business relationships with multiple prospective third-party employers in the health care field. (*Id*. at Count IV.) All claims derive from the acts and

---

[5] "Motion to Reconsider" refers to Motion to Reconsider Plaintiff's Motion to Compel.

[6] "NPDB" herein refers to the National Practitioner Data Bank.

[7] The NPDB is a national data bank containing information regarding adverse actions against health care providers operated by the United States Department of Health and Human Services that is relied upon by medical entities across the nation in making licensing, hiring and credentialing decisions.

omissions of Defendant Mission Hospital *following* a peer review related to a surgery performed by, *inter alia*, Dr. Hetzel. (*Id.*, generally.)

On September 12, 2025, Dr. Hetzel filed a Motion to Compel seeking an order "determining that the protections of N.C. Gen. Stat. § 131E-95 do[es] not apply to limit discovery in this litigation" and (2) "compelling Defendant to produce full and complete answers and responses to Dr. Hetzel's discovery requests[.]" (Motion to Compel/Extend, Dkt. 54, 2.) Dr. Hetzel's Memorandum in Support of his Motion (Dkt. 55) argued that: (1) because this centers on Federal NPDB reporting, N.C. Gen. Stat. § 131E-95 is inapplicable, (2) no peer review privilege – state or federal – applies to this case and (3) Defendant Mission Hospital failed to move for protective order. (Dkt. 55 at 14-17.) It also argued that even if the N.C. Gen. Stat. § 131E-95 privilege does apply, it does not protect the documents withheld. (*Id.* at 17-20.)

A hearing on Dr. Hetzel's Motion to Compel was held on March 18, 2026. At the hearing, it was evident that the Court had exhaustively reviewed the briefing materials. During that hearing, Dr. Hetzel's counsel also advanced the argument that N.C. Gen. Stat. § 131E-95 did not apply at all to written discovery based on the plain language of the statute. Counsel for Defendant Mission Hospital referred to this argument as "novel," and had no response to the cited language.

During the hearing and in an Order that followed, the Court denied in part and granted in Dr. Hetzel's Motion to Compel. (Order, Dkt. 84, *generally*.) The Order explained that Dr. Hetzel sought "an order that requires Defendant [Mission Hospital] to produce supplemental responses to [Dr. Hetzel's] written discovery requests, including

production of all or part of the Peer Review Privilege Documents" and that Dr. Hetzel "seeks a determination that N.C. Gen. Stat. § 131E-95 does not apply to this matter." (*Id*. at 2.) The Order found that "North Carolina privilege law governs discovery associated with [Dr. Hetzel's] state law claims in this case"[8] and that, "since, based on the representations of the parties, it appears that the Peer Review Privilege Documents pertain to Plaintiff's state law claims, the production of those materials may be limited by N.C. Gen. Stat. § 131E-95." (*Id*. at 3) (internal citations omitted). The Court thus denied the Motion to Compel in ruling that N.C. Gen. Stat. § 131E-95 applied to protect peer review materials in this case. (Order, Dkt. 84, at 3-4.)

The Court granted the Motion to Compel in requiring Defendant Mission Hospital to provide a supplemental privilege log setting forth the "documents being withheld and shall reference which categories or categories for purposes of N.C. Gen. Stat. § 131E-95," and in extending the time for discovery by 60 days. (Order, Dkt. 84, 1.) In so doing, the Order acknowledged that Defendant Mission Hospital represented "that, during discovery, it has withheld a group of documents, perhaps totaling 4,000 pages, that it contends are protected from disclosure pursuant to N.C. Gen. Stat. § 131E-95 (the 'Peer Review Privilege Documents')." (*Id*. at 1.)

Dr. Hetzel's instant Motion seeks reconsideration of the portion of the Order that denied his Motion to Compel in applying N.C. Gen. Stat. § 131E-95 to protect materials in

---

[8] The Order noted that Dr. Hetzel had "asserted only state law claims" and that Defendant Mission Hospital "has raised a defense based on the immunity provided by the Health Care Quality Improvement Act, 42 U.S.C. § 11101, et seq. ("HCQIA"). *See* 42 U.S.C. § 11137." (*Id*. at 1.)

this matter and – in particular – review of whether that protection applies to this case pursuant to the plain language of the statute.

## LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) permits a court to revisit "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties" at any time before an entry of final judgment. Motions for reconsideration of interlocutory orders, "are not subject to the strict standards applicable to motions for reconsideration of a final judgment.... [A] district court retains the power to reconsider and modify its interlocutory judgments ... at any time prior to final judgment when such is warranted." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514–15 (4th Cir. 2003) (internal citations omitted). Motions for reconsideration of interlocutory orders are appropriately granted based on: (1) the discovery of new evidence, (2) an intervening development or change in the controlling law, or (3) the need to correct a clear error or prevent manifest injustice. *Pender v. Bank of America Corp.,* No. 3:05–CV–238–GCM, 2011 WL 62115 at *1 (W.D.N.C. Jan. 7, 2011) (Mullen, J.); *see also Stephens v. Wachovia Corp.,* No. 3:06–CV–246–MR, 2008 WL 1820928 at *2 (W.D.N.C. Apr. 21, 2008) ("the decision whether to reconsider or modify an interlocutory order is a matter within the discretion of the Court").

## ARGUMENT AND CITATION OF AUTHORITY

Dr. Hetzel seeks correction of a legal error in the Order. There are two primary points that warrant correction: (1) Dr. Hetzel never represented that if state privilege law is applied, it protects at-issue the Peer Review Privilege Documents; and (2) N.C. Gen.

Stat. § 131E-95 does not protect peer review materials that, like the one in this case, did not evaluate the issues that underly the action.

First, Dr. Hetzel must clarify his own representations regarding application of state law privileges to the documents at issue in this case. The Order determined that state law privilege – namely, N.C. Gen. Stat. § 131E-95 – applies to this diversity case asserting state law claims.[9] The Court went on to explain that "**based on the representations of the parties**, it appears that the Peer Review Privilege Documents pertain to Plaintiff's state law claims, the production of those materials may be limited by N.C. Gen. Stat. § 131E-95." (*Id*. at 3) (internal citations omitted; emphasis added). To be clear, Dr. Hetzel did not represent that state law privilege limits production **in this case**, only that it can be a broader privilege when it applies to state law claims. He does not concede, nor has he ever conceded, that the Peer Review Privilege Documents would be protected even if state law is implicated here. This is because even if state privilege law applies – which the Court has determined it does – N.C. Gen. Stat. § 131E-95 still does not, as explained i*nfra*. Thus, any representation by Dr. Hetzel should not have been a basis for this determination and he believes it critical to clarify the record on that point.

Second, and more critically, the text of N.C. Gen. Stat. § 131E-95 makes clear that it would not apply to protect documents in this case – a case that does not derive from the

---

[9] Although Dr. Hetzel does not agree with this determination, he also recognizes that motions for reconsideration are not appropriate to relitigate issues based on the party merely disagreeing with the outcome. Accordingly, Dr. Hetzel accepts the Court's legal conclusion on this issue as a predicate to the remainder of his argument.

acts that were reviewed by the peer review committee but rather by the acts of the peer review committee itself. The Court has not had the benefit of full briefing on this precise issue. At the hearing, Dr. Hetzel's counsel argued that N.C. Gen. Stat. § 131E-95 does not apply at all to written discovery in this case based on its own language. Specifically, Dr. Hetzel's counsel referenced the following portion of § 131E-95(b):

> The proceedings of a medical review committee, the records and materials it produces and the materials it considers shall be confidential and not considered public records within the meaning of G.S. 132-1, " 'Public records' defined", and shall not be subject to discovery or introduction into evidence **in any civil action against a hospital**, an ambulatory surgical facility licensed under Chapter 131E of the General Statutes, or a provider of professional health services **which results from matters which are the subject of evaluation and review by the committee**.

N.C. Gen. Stat. § 131E-95(b) (emphasis added).

As evidenced in the Amended Complaint (Dkt. 4) and this Court's rulings (Rev. Mem. and Rec., Dkt. 38; Order, 43), this lawsuit does not result from "matters which were the subject of evaluation and review by the committee," such as a medical malpractice action. N.C. Gen. Stat. § 131E-95(b). Instead, this action is about reports to the NPDB *following* an evaluation and review by the committee. As such, N.C. Gen. Stat. § 131E-95(b) does not protect the Peer Review Privilege Documents Defendant Mission Hospital seeks to withhold under the privilege.

At the hearing, in response to this argument, counsel for Defendant Mission Hospital called this "novel," effectively admitting this issue has not been fully briefed for consideration by the Court. There was, however, no explanation for why the foregoing language could possibly apply to this action. Instead, Defendant Mission Hospital argued

that the next sentence of N.C. Gen. Stat. § 131E-95(b) – which precludes **all** testimony that discusses testimony by a person in attendance at a meeting. That sentence, however, underscores the argument Dr. Hetzel makes here. The statute very clearly differentiates between testimonial evidence from peer review committee members – which is protected in all actions – and documentary evidence from the peer review committee – which is **only** protected in actions resulting from the underlying matter being evaluated. Testimony was not sought in Dr. Hetzel's Motion to Compel; documents were sought. (Dkt. 54; *see also*, Order, Dkt. 84, 2.) Thus, while Dr. Hetzel concedes the statute may protect against compelling a peer review committee member to testify in this case, it plainly does not protect against disclosure of documentary evidence of peer review proceedings in this case.

## **CONCLUSION**

The plain language of N.C. Gen. Stat. § 131E-95 does not protect any peer review documents in this case, which does not derive from the matter evaluated by the peer review committee but rather derives from the actions taken by Defendant Mission Hospital following the peer review committee's determinations. Accordingly, Dr. Hetzel respectfully requests an order so finding and compelling Defendant Mission Hospital to produce the Peer Review Privilege Documents within 14 days of such order.

*(Signatures appear on the following page)*

This the 30th day of March, 2026.        Respectfully submitted,

**EDWARDS BEIGHTOL, LLC**

/s/ Catharine E. Edwards
Catharine E. Edwards
N.C. State Bar No. 52705
Kristen L. Beightol
N.C. State Bar No. 27709
P.O. Box 6759
Raleigh, NC 27628
(919) 636-5100
cee@eblaw.com
klb@eblaw.com

*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 30, 2026, I served the foregoing **MEMORANDUM IN SUPPORT OF MOTION TO RECONSIDER PLAINTIFF'S MOTION TO COMPEL** on counsel for Defendants via electronic mail by agreement of the parties.

This the 30th day of March, 2026.

<u>/s/ Catharine E. Edwards</u>
Catharine E. Edwards
N.C. State Bar No. 52705
P.O. Box 6759
Raleigh, NC 27628
(919) 636-5100
cee@eblaw.com